## BARRY a. BOCKOVER.

*New York Superior Court ; General Term, April, 1858.*

### ATTACHMENT.—NON-RESIDENT.

The defendant had all his business and property in the State of New York, and all his business capital and his bank account in the city of New York, where he was engaged in business, and where he spent on an average eight hours of every business day ; but, for reasons of convenience and economy merely, maintained his family in Jersey City, in the State of New Jersey, and spent with them there his nights and Sundays.

*Held,* that he was "not a resident of the State of New York" within the meaning of the provisions of the Code respecting attachments.*

Appeal from an order refusing to set aside an attachment.

---

* POTTER a. KITCHEN (*New York Superior Court, Special Term, February,* 1858).— This action was brought to recover damages for an alleged breach of a covenant of title in a conveyance of real property. Upon an affidavit showing that a cause of action existed, and its grounds, and stating that the defendant was not a resident of the State of New York, the plaintiff obtained an order of attachment against his property, which the defendant now moved to have discharged. An amendment of the complaint was sought by him on the same motion ; but the questions involved in that regard are not material to this point. His affidavit, so far as it related to the question of residence, was as follows :—

"That deponent is perfectly solvent, and is, and has been for the last twelve years, a merchant, doing a regular and continuous business in this city, and for the last three years, April next, at No. 28 B. street, and is the senior member of the firm of K. M. & W. in this city, and that he has had no other place of business : that he spends his time during the regular business hours of the day at his business in this city, having not only his capital in business or trade invested in this city, but that he keeps his bank account here, and all of his ordinary business transactions take place in the city of New York, and that he is a tax-payer in said city : that deponent's family reside at Newark, in the State of New Jersey, and deponent goes to and from said residence daily, except Sundays : that deponent verily

In this action, which was brought against several defendants, the plaintiff obtained an attachment, under section 227 of the Code, against the property of the defendant Jason H. Bockover, upon the ground that he was a non-resident.

Upon the following affidavit, the defendant Bockover obtained an order to show cause why the attachment " should not be set aside and vacated, on the ground that said defendant is not a non-resident within the meaning of the statute."

TITLE OF THE CAUSE.

Jason H. Bockover, being sworn, says that he is one of the firm of B., B., H. & Co., of said city, and has been so since the formation of said firm, on or about the 1st day of January, 1854: that during said time, and for more than seven years last past, deponent's family have lived in Jersey City, in · the State of New Jersey, in a dwelling rented by deponent for that purpose : that deponent owns no real estate in said State of New Jersey, and is engaged in no business whatever in said State, and never has been : that he selected it as his family residence solely on account of its convenient access to the business portion of New York city, and economy in living : that during the whole time of such residence in Jersey City he has been engaged in business in New York, and has spent the whole of every business day in New York, with occasional exceptions, in case of sickness, or absence upon affairs connected with his New York business.

Deponent further says, that the only part of his time which he has spent in said State of New Jersey has been nights and Sundays, with occasional exceptions as aforesaid : that whatever property deponent has during that time been possessed of has been in the State of New York, and all his working capital has been invested in his business in the said city of New York :

believes that the plaintiff caused the attachment to be issued herein for the only purpose of annoying this deponent, and of putting him to expenses, and not because he did not know that deponent was and is abundantly able to pay any demand he might have against him, or that he had not property within the jurisdiction of this court sufficient to satisfy the same."

*Pierson, Hyde & Jenks*, for the motion.

*E. W. & G. F. Chester*, opposed.

HOFFMAN, J., *held*, that the defendant was not a resident of this State.

that the bank account of the firm he has been connected with, and his individual bank account, whenever he has kept one, have always been kept in said city of New York.

Deponent further says, that during the whole time that he has been a member of said firm of B., B., H. & Co., he has passed upon an average eight hours of every business day at the store of said firm at Nos. 7 and 9 B. street, in said city, and process might at any time have been served upon him; and that the summons and complaint in this action was served upon deponent personally, upon the 25th of February instant, the day before the attachment in this action was issued and served: that said service was made at said store of defendants, 7 and 9 B. street, New York. [SIGNATURE.]

[JURAT.]

The motion was heard at special term before Mr. Justice Hoffman, and denied. The defendant appealed.

*W. Z. Larned*, for the defendant, appellant.—I. In the matter of Alexander Thompson (1 *Wend.*, 43), an attachment was issued under section 23 of the then act relative to absconding and absent debtors (1 *Rev. Laws*, 157); and the question then was, whether Thompson was a *resident* of this State within the meaning of the act. It was there held that *domicil* merely did not constitute residence within the meaning of the act. That the whereabouts of the person, not his family or dwelling, the intention of remaining, and the ability to serve process upon him, were the considerations upon which the decision of the question of the *residence* of the party under the statute must rest.

In Frost *a.* Brisbin (19 *Wend.*, 11), the defendant's wife and child remained in this State at his former residence, while he went to Milwaukee, as he swore, without any intention of making that place his permanent residence, unless he succeeded in business. He was held to be a non-resident within the meaning of the act to abolish imprisonment for debt (*Laws of* 1831); and the court say: "The domicil of a citizen may be in one State and his actual residence in another;" and again hold that the legal import of the word *residence* is to be settled by reference to the object of the statute in settling the rights and remedies of debtor and creditor.

In Haggart *a.* Morgan (1 *Seld.*, 422), in the Court of Appeals, the court referred to the two preceding cases, and approved them. It also held virtually that a defendant who was a housekeeper in the city of New York, and had been for many years, being absent for a length of time, though with the intention of returning as soon as a particular piece of business was completed, was yet a non-resident within the spirit of the act. The converse of the proposition established by these cases must be true, to wit: a person, though having his domicil in another State, but his business and his business residence here, who can be served with process as readily as one who never goes beyond its limits, is a resident within the meaning, spirit, and intent of the act.

II. The Supreme Court, at general term, in this district, has decided, in Towner *a.* Church (2 *Abbotts' Pr. R.*, 299), this precise question.

III. If there can be a case in which a person, having his domicil in another State, is yet entitled to be considered within the meaning and spirit of section 227 of the Code as a resident, and entitled to exemption from attachment, this is such a case.

*George Bliss, jr.*, for the plaintiff, respondent.—I. The Legislature has used a word, " *resident*," whose meaning is clear and well-defined ; and it must be presumed have used it in its ordinary and accepted signification. 1. Whatever shades of difference there may be in the meaning of the word " resident," as found in the standard dictionaries and decided cases, no definition of that word can be found in any of them which would make the defendant a resident. *a.* The ordinary dictionaries are uniform in their definition of the word. (*Webst. Dict.*, " resident," " reside ;" *Johns. Dict.*, " resident.") *b.* The law dictionaries are equally precise and uniform. (*Spelm.*, " residence ;" *Burr. Law Dict.*, " resident," " residence ;" *Bouv. Law. Dict.*, " resident.") *c.* The decided cases are, so far as the present question is concerned, equally uniform. They vary among themselves in certain respects, but not in holding that the defendant is " not a resident." (In re Fitzgerald, 2 *Cai.*, 137 ; Roosevelt *v.* Kellogg, 20 *Johns.*, 208 ; Porter *v.* Miller, 3 *Wend.*, 229 ; In re Wrigley, 4 *Wend.*, 602 ; S. C. on appeal, 8 *Wend.*, 134 ; Frost *v.* Brisbin, 19 *Wend.*, 11 ; Crawford *v.* Wilson, 4 *Barb.*, 405 ;

Burrows v. Miller, 4 *How.*, 349 ; Lee v. Stanley, 9 *How.*, 272 ; Bartlett v. New York, 5 *Sandf.*, 44 ; Isham v. Gibson, 1 *Bradf. Surr. R.*, 69, 80.) So also in other States. (Sears v. Boston, 1 *Metc.*, 250 ; Stratton v. Brigham, 2 *Sneed* (Tenn.), 420 ; United States v. Penelope, 2 *Pet. Adm.*, 450 ; Spragins v. Houghlin, 2 *Scam.* (Ill.), 377, 396.) 2. These books and cases, with the definitions they contain, were most of them before the Legislature when the Code was passed ; and the Legislature is, therefore, conclusively presumed to have used the word " resi- dent" in the sense there defined. There is then no room what- ever for construction, there being no ambiguity in the meaning of the word. (Waller v. Harris, 20 *Wend.*, 555, 561, per Bron- son, J. ; Newell v. The People, 3 *Seld.*, 97 ; McCluskey v. Crom- well, 1 *Kern.*, 601 ; Ford v. Babcock, 2 *Sandf.*, 527 ; *Sedgw. on Statutory Constr.*, 295 ; United States v. Penelope, 2 *Pet. Adm.*, 450 ; Fisher v. Blight, 2 *Cranch*, 358, 399.)

II. The Legislature wisely used the word "resident," both because its meaning was thus carefully defined, and because there were good reasons of policy for the distinction it draws.

III. The decided cases in this State, upon this and similar statutes, fall naturally into two classes. 1. Those cases in which the person comes here from abroad and remains for a time, but either has a fixed intention *not* to settle here, or has no definite intention of doing so, meaning to be governed by circumstances. In these cases, he is, at the time the question arises, actually within the State. (In re Fitzgerald, 2 *Cai.*, 137 ; In re Wrig- ley, 4 *Wend.*, 602 ; S. C. on appeal, 8 *Wend.*, 134 ; Frost v. Bris- bin, 19 *Wend.*, 11 ; Burrows v. Miller, 4 *How.*, 349.) In these cases he is held a non-resident. 2. Those cases where a person, originally domiciled and resident here, has left the State for a temporary purpose—though one that may detain him for years —yet under such circumstances as show that he retains his tech- nical domicil here, and intends to return here. In these cases, he is, at the time the question arises, actually out of the State. (In re Thompson, 1 *Wend.*, 43 ; Haggart v. Morgan, 4 *Sandf.*, 198 ; S. C. on appeal, 1 *Seld.*, 422.) How long the absence may be, and under what circumstances, we need not here in- quire. But see Hurlburt v. Seely (10 *How. Pr. R.*, 507). In these cases also the person is held a non-resident.

IV. Whether we consider the case of the present defendant.

as falling within the first or the second of these classes, or as occupying a middle ground, he is equally a non-resident. (Burrows *v.* Miller, 4 *How. Pr. R.*, 349 ; Lee *v.* Stanley, 9 *How. Pr. R.*, 272.)

V. The case of Towner *a.* Church (2 *Abbotts' Pr. R.*, 299) is not a binding authority in this court (Ford *v.* Babcock, 2 *Sandf.*, 524) ; and even if we grant the binding force of that decision, it does not go far enough to cover the case of the present defendant, and in point of fact is interpreted in the Supreme Court as not covering this case. Corlies *a.* McMurray, Ms. (First District, Special Term), decided in April or May, 1857, by Judge Mitchell. It presented a state of facts entirely on all-fours with the present case, except that the defendant there, just prior to stopping payment, had removed from New Jersey to New York, leaving, however, his furniture in New Jersey. Judge Mitchell held him a non-resident.

VI. There are various other existing statutes, in which the same language, substantially, is used as in the Code, and in none of them is any such construction of the word " resident" ever contended for. Such are—1. The Judiciary Act. 2. The statute requiring a non-resident plaintiff to give security for costs. 3. The laws as to taxation, particularly that of 1855 (*chap.* 37), imposing a tax upon persons like the defendant, under the designation of " not residents of the State." 4. The provisions of the Code requiring a debtor in supplementary proceedings to be examined only in the county where he resides, which is held to preclude the examination of a resident of New Jersey. 5. Statutes requiring residence to give jurisdiction. (See Clason *v.* Cooley, 5 *Sandf.*, 460.)

WOODRUFF, J., announced the opinion of the court, that the defendant Bockover was not a resident of the State of New York within the meaning of the provisions of the Code respecting attachments ; and that the order appealed from must be affirmed.*

---

* No written opinion was rendered.